UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUNO EFREN SANTOS GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>J. JOHNSON,<br><br>Defendant. | Case No. 5:26-cv-05758-SB-KES<br><br>ORDER CONDITIONALLY GRANTING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner Bruno Efren Santos Gonzalez was arrested by immigration officers in July 2026, and he is currently detained at Adelanto ICE Processing Center. On September 25, 2026, Petitioner filed a petition for a writ of habeas corpus challenging the lawfulness of his continued detention without a bond hearing and seeking either immediate release or a bond hearing under 8 U.S.C. § 1226(a).

In its answer, the government states that Petitioner "appears to be entitled to request and receive a bond hearing" pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Dkt. No. 10 at 2. The government recounts Petitioner's criminal history, but it does not argue that he is subject to mandatory detention. Moreover, although the government questions whether Petitioner exhausted his administrative remedies, it does not assert that he failed to request a bond hearing, and the petition alleges that he was denied one. Dkt. No. 1 ¶ 5.

Accordingly, in light of the government's concession that Petitioner appears entitled to receive a § 1226(a) bond hearing, the petition is conditionally granted. The government may continue to detain Petitioner only if it provides him with an

individualized bond hearing within seven days.[1] If the government fails to provide the hearing within seven days, it shall release Petitioner from custody. The government shall file a status report no later than October 19 confirming compliance with this order. The Court retains jurisdiction solely to determine whether the government has complied and not to adjudicate new legal or constitutional challenges arising from the bond hearing itself. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (holding that a district court retains jurisdiction to determine compliance with its conditional habeas order but need not address new challenges arising from the ordered bond hearing). Judgment will be entered separately.

Date: October 7, 2026

Stanley Blumenfeld, Jr.
United States District Judge

---

[1] Although Petitioner seeks immediate release, he has not developed an argument showing that release, rather than a prompt § 1226(a) bond hearing, is the appropriate remedy for the violations alleged. Moreover, because habeas relief is equitable in nature, the Court may tailor the remedy to the violation established. *See Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).